UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHON ASHTON, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 4:05 CV 20 HEA DDN |
| DON ROPER, | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the petition of Missouri state prisoner Shon Ashton for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b).

## I. BACKGROUND

On May 4, 2000, a jury in the Circuit Court of St. Charles County, Missouri, found petitioner Ashton guilty of first-degree burglary, first-degree robbery, and armed criminal action in connection with a home invasion and theft. (Doc. 7, Ex. D at 97-99.) He was sentenced as a prior and persistent offender to thirty years imprisonment for the burglary, a consecutive life sentence for the robbery, and a concurrent life sentence for the armed criminal action. ( Id. at 106-07.)

On direct appeal, the Missouri Court of Appeals affirmed his conviction. (Doc. 7, Ex. H); State v. Ashton, 62 S.W.3d 440 (Mo. Ct. App. 2001). Petitioner then moved for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. After an evidentiary hearing,[1] the circuit court denied the motion for post-conviction relief. In summary fashion, the Missouri Court of Appeals affirmed the decision.

[1]The evidentiary hearing included examination of petitioner's trial counsel in response to petitioner's claims of ineffective assistance of trial counsel. The record for this hearing is available at Doc. 7, Ex. J.

(Doc. 7, Ex. M); Ashton v. State, 128 S.W.3d 626 (Mo. Ct. App. 2004).

On December 23, 2004, petitioner filed his pro se petition for a writ of habeas corpus with this court. His petition raises three grounds for relief:

(1) Petitioner was subject to an unlawful search in violation of the Fourth Amendment, and the results of this unlawful search led to petitioner's trial and conviction.

(2) Petitioner was denied a fair trial due to prosecutorial misconduct in the form of improper remarks made by the prosecutor during voir dire, opening statement, and closing argument.

(3) Petitioner was denied effective assistance of counsel because his trial counsel did not present a motion in limine nor object to references made to the television program "America's Most Wanted."

(Doc. 1).

Respondent argues that ground one is not cognizable in a federal habeas corpus petition, and that grounds two and three are procedurally barred. (Doc. 6 at 4.) Respondent also argues that petitioner has not demonstrated sufficient legal cause for his procedural default or that failure to adjudicate would result in a fundamental miscarriage of justice. (Id. at 6.)

## II. DISCUSSION

### Fourth Amendment Claims and Federal Habeas Relief

Petitioner argues in his first ground for relief that the search of his Florida residence violated his Fourth Amendment rights. Respondent argues that this Fourth Amendment claim is not cognizable on federal habeas review because petitioner was afforded an opportunity for full and fair litigation of this issue during the state proceedings, citing Stone v. Powell, 428 U.S. 465, 494 (1976). Because petitioner was allowed ample opportunity to litigate the validity of the search of his Florida residence, and in fact did repeatedly contest this issue during state court proceedings, this claim is not cognizable in federal habeas review.

Federal courts will review a Fourth Amendment claim raised in a habeas petition only if "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994)(en banc). Petitioner does not argue that his Fourth Amendment claim has not been adjudicated in Missouri state court proceedings. Petitioner filed a motion to suppress evidence ( see Doc. 7 Ex. C at 39-40), and the state court granted a hearing on this motion. (Id. Ex. B.) Petitioner raised this argument in his direct appeal of his conviction (id. Ex. F at 17), and the Missouri Court of Appeals ruled on this issue. (Id. at Ex. H.) The state courts not only provided an opportunity for petitioner to argue this Fourth Amendment claim, but petitioner availed himself of this opportunity. Following this "full and fair litigation of the Fourth Amendment claim," federal habeas corpus relief is unavailable on this issue. Stone, 428 U.S. at 494.

Ground one of this petition should be denied as not cognizable in this action.

**Exhaustion of State Remedies and Procedural Bar**

Under the doctrine of procedural bar, a federal habeas court will not review a claim that the state courts did not address because the petitioner failed to meet the reasonable procedural requirements of the state for presenting the claim. Lee v. Kemna, 534 U.S. 362, 375 (2002). Failure to raise a claim in the state courts erects a procedural bar to relief in federal court. Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997). The doctrine of procedural bar applies whether the default occurred at trial, on appeal, or during state collateral attack. See Murray v. Carrier, 477 U.S. 478, 490-92 (1986).

Petitioner failed to allege the grounds two and three prosecutorial misconduct claim prior to this federal habeas petition.[2] Petitioner

---

[2]The only mention of this type of claim prior to this habeas petition was petitioner's argument in his appeal from the denial of (continued...)

also failed to allege ineffective assistance of trial counsel during his direct appeal. His appeal was based solely on the proposition that the evidence introduced at trial was the result of a constitutionally invalid search that violated the Fourth Amendment. (Id. Ex. F.) Grounds two and three of this petition are procedurally barred by reason of not having been properly raised before the Missouri courts.

Petitioner may avoid the procedural bar to federal habeas review if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or if he can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

To establish cause for a procedural default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with state procedural requirements. Id. at 753. Petitioner has not argued that any objective factor external to his defense has impeded his efforts to comply with the state procedural requirements. Lack of education or legal training and pro se status on the part of petitioner are not legally sufficient cause for procedural default. See Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). Petitioner has failed to demonstrate legally sufficient cause for his failure to present these grounds in the state courts.

Petitioner may also avoid procedural bar by demonstrating that the failure to consider the grounds of his petition will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. A fundamental miscarriage of justice can be demonstrated only if it is shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. A habeas petitioner asserting actual innocence must do so with new, reliable evidence that was not presented at trial. Johnson v. Norris, 170 F.3d 816, 817-18 (8th Cir. 1999). Petitioner has not claimed actual innocence in this petition. Nor has he presented this court with any new, reliable evidence to support a claim of actual

[2](...continued)
post-conviction relief that trial counsel was ineffective for failing to object to the prosecutor's statements. (Doc. 7, Ex. K at 22-30.)

innocence. Grounds two and three of this petition, therefore, are procedurally barred.

Nevertheless, Congress has provided that a federal habeas court may deny habeas relief on the merits of the petition, notwithstanding the failure of petitioner to exhaust available state remedies. See 28 U.S.C. § 2254(b)(2).

**Standard of Review**

This court's review of the merits of a state court decision is limited to determining whether the adjudication of the alleged claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Section 2254 limits the scope of federal habeas corpus review in order to expedite the proceedings and provide the appropriate deference to state court decisions. Nicklasson v. Roper, 491 F.3d 830, 833 (8th Cir. 2007).

A state court decision is contrary to established federal law if it contradicts the governing Supreme Court cases on a question of law or if, when confronting facts "materially indistinguishable" from the facts addressed in a Supreme Court decision, it reaches a different result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an unreasonable application of clearly established federal law if, in the federal court's independent judgment, "the relevant state-court decision [not only] applied clearly established federal law erroneously or incorrectly [, but also did so] . . . unreasonabl[y]." Nicklasson, 491 F.3d at 833-34 (quoting Williams, 529 U.S. at 410-11). Under § 2254, federal courts are to presume the state court factual findings are correct. Nicklasson, 491 F.3d at 834. The petitioner bears the burden of rebutting that presumption by clear and convincing evidence. Id.

**Ground 2: Prosecutorial Misconduct**

Petitioner argues that he was denied a fair trial because of prosecutorial misconduct in the form of prejudicial and unfair statements made at trial. In general, prosecutorial misconduct "does not warrant federal habeas relief unless the misconduct infected the trial with enough unfairness to render petitioner's conviction a denial of due process." Louisell v. Dir. of Iowa Dep't of Corrs., 178 F.3d 1019, 1023 (8th Cir. 1999). In order to constitute a violation of due process, the complained-of remarks made by the prosecutor must be "so egregious that they fatally infect[] . . . the proceedings and render[] [the] entire trial fundamentally unfair." Moore v. Wyrick, 760 F.2d 884, 886 (8th Cir. 1985). In order to prevail on these grounds, a petitioner is required to demonstrate "a reasonable probability that the error . . . affected the outcome of the trial, [meaning] that absent the alleged impropriety the verdict probably would have been different." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

Even assuming that the prosecutor's statements were improper,[3] the remarks made were not of such an egregious quality as to infect the trial with error and render the verdict itself suspect. Instead, petitioner's allegations of prosecutorial misconduct must fail because he has failed to demonstrate that he was prejudiced by any of the arguably damaging remarks made by the prosecutor. See Stringer v. Hedgepeth, 280 F.3d 826, 830 (8th Cir. 2002). The jury that found petitioner guilty at trial heard testimony from the victims, Edward Alexander and Poonsiri Trujillo, who were present during the home invasion. (Doc. 7, Ex. A-1 and A-2 at 180-274, 326-39.) The jury also heard testimony from several law enforcement officers, including a federal agent and state police officers or detectives from both Missouri and Florida. (Id., Ex. A-2 at 275-83, 284-325, 340-50, 355-83, 388-413.) The jury also heard testimony from a neighbor of one of petitioner's co-defendants that supported the state's allegations of flight after the crime's completion. (Id., Ex. A-2 at 383-85.) Based

[3]The allegations against the prosecutor include claims of argument and personalization during opening statements, and exaggerated and misleading statements during closing argument. (Doc. 1 at 4.)

on the amount of evidence that supports the jury's verdict, petitioner cannot show that the verdict rendered was solely attributable to the allegedly improper remarks of the prosecutor. Absent such a showing, ground two of this petition should fail on the merits.

**Ground 3: Ineffective Assistance of Counsel**

In his final ground for relief, petitioner alleges ineffective assistance of trial counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court defined ineffective assistance of counsel under the Sixth and Fourteenth Amendments. The Strickland test requires federal habeas corpus relief if it is shown that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

There are two elements to a claim of ineffective assistance of counsel. A habeas petitioner must first demonstrate that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. In this regard, petitioner must overcome a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). The strategic choices of counsel made after thorough investigation are virtually unchallengeable, and decisions following a less thorough, but nevertheless reasonable, investigation are to be upheld to the extent that they are supported by reasonable judgment. Strickland, 466 U.S. at 690-91.

If this first threshold requirement is met, petitioner must also demonstrate that the deficient performance of counsel was so prejudicial that the result of the proceedings would have been different absent the error. Id. at 687; Ford v. Armontrout, 916 F.2d 457, 460 (8th Cir. 1990). In addition, the prejudice must not be simply a "possibility" but an "actual and substantial disadvantage, infecting [petitioner's] entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). When attacking the effectiveness of counsel on constitutional grounds, the petitioner bears a heavy burden. See Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006).

Petitioner's allegations, even when construed broadly, do not show that his trial counsel's performance fell below the objective standard of reasonableness of Strickland. 466 U.S. at 687-88. Trial counsel, during the evidentiary hearing related to petitioner's motion seeking post-conviction relief, testified that he believed that any evidence relating to the television show "America's Most Wanted" did not make any difference to his trial strategy, or to the course of the trial itself. (Doc. 7, Ex. J at 18.) Trial counsel also testified at this hearing that evidence relating to the television show may have actually helped his client's case, because such evidence would have placed petitioner in a distant location, away from the scene of the crime he was accused of committing. (Id., Ex. J at 28-29.) Trial counsel's decisions not to vigorously contest this evidence were demonstrably a product of trial strategy, and when coupled with the presumption of constitutionally effective representation, this claim fails the threshold requirement of objective unreasonableness articulated in Strickland.

Even assuming that trial counsel's tactical decision not to contest this type of evidence was objectively deficient, this claim would also fail under the actual prejudice requirement of Strickland. Petitioner does not allege that the tangential mention of "America's Most Wanted" and trial counsel's failure to object to such discussion infected his entire trial with error of a constitutional magnitude. Nor does the record indicate that the result at trial would have been different but for this alleged error.

This claim fails both requirements the Supreme Court delineated in Strickland. Therefore, ground three of this petition should also fail on the merits.

## III. RECOMMENDATION

For the reasons set forth above, it is the recommendation of the undersigned United States Magistrate Judge that the petition of Shon Ashton for a writ of habeas corpus be denied.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation. The failure

to file timely written objections may result in a waiver of the right to appeal issues of fact.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 27, 2007.