UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHON A. ASHTON,                       )
                                      )
         Petitioner,                  )
                                      )
v.                                    )   Case No. 4:05CV20 HEA
                                      )
MICHAEL BOWERSOX and JEREMIAH         )
W. "JAY" NIXION[1]                    )
                                      )
         Respondents,                 )

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254. [Doc. No. 1], Petitioner's Motion for Appointment of Counsel and Motion for Hearing, [Doc. No. 13]. The Court referred this matter to Magistrate Judge David D. Noce for a Report and Recommendation pursuant to 28 U.S.C. § 636. Judge Noce has filed his Report and Recommendation that the Petition be denied. Petitioner has filed written objections. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or

---

[1] Since the filing of the Petition, Petitioner has been transferred to South Central Correctional Center. Michael Bowersox, Warden, is therefore substituted as the proper party Respondent. Furthermore, because Petitioner is challenging a sentence to be served in the future, the Attorney General of Missouri, Jeremiah W. "Jay" Nixon, is added as a proper party respondent. See Rule 2(b), Rules Governing Section 2254.

recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which petitioner objects. For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus is denied. The Motion for Appointment of Counsel and for Hearing is denied.

## **Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In reviewing a state court conviction, a federal court also presumes that a state court's factual determinations are correct; this presumption may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409. See also, *Bell-Bey v. Roper*, __ F.3d __, 2007 WL 2376597 (8th Cir. August 17, 2007)("To be unreasonable, the state court's application of Supreme Court precedent must have been 'objectively unreasonable,' a standard that is more demanding than simply being 'incorrect or erroneous.' *Wiggins v. Smith*, 539 U.S.

510, 520-21(2003).").

"'Federal law, as determined by the Supreme Court,' refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" *Evenstad v. Carlson*, 470 F.3d 777, 782-83 (8th Cir.2006) (quoting *Williams v. Taylor*, 529 U.S. 262, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent he thinks the state courts acted contrary to or applied unreasonably. *Id*. at 283 (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir.2006); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir.2000)). Thus, where there is no federal law on a point raised by a habeas petitioner, a federal court cannot conclude either that a state court decision is "'contrary to, or involved an unreasonable application of, clearly established Federal law' under 28 U.S.C. § 2254(d)(1)." *Id*. at 784. "When federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1). *Id*. at 783 (citing *Tunstall v. Hopkins*, 306 F.3d 601, 611 (8th Cir.2002)). See also *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir.2001) (holding that in the absence of controlling Supreme Court precedent, a federal court cannot reverse a state court decision even though it believes the state court's decision is "possibly incorrect").

## **Discussion**

Petitioner's objections are based on grounds not raised in his petition.[2] In his objection, Petitioner claims that trial counsel was ineffective for failing to reasonably investigate and call co-defendant, Greg Porter, as a witness to testify at trial. This ground was not even mentioned in his petition. Likewise this ground was not presented to any of the State Courts. Petitioner did raise an ineffective assistance claim with respect to counsel's failure to call Porter to testify. Petitioner's argument, however, was that counsel should have introduced evidence that the guns involved in the robbery were not deadly weapons and should have called Porter to testify to that effect. Petitioner now argues that counsel should have investigated and called Porter to testify that Petitioner was not even involved in the robbery. Because Petitioner did not raise this issue for the state courts' consideration, the question becomes whether this issue is procedurally barred in this court.

> As a general rule, claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error. See *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982);

---

[2] Petitioner devotes a significant portion of his Objections discussing the difficulties he has with access to the prison law library. While this argument may be relevant to the Motion for Appointment of Counsel, any complaints Petitioner has regarding access to the law library are more appropriately raised through different channels and are not objections *per se* to the Report and Recommendation.

*Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The rule is based on the comity and respect that must be accorded to state-court judgments. See, *e.g., Engle, supra,* at 126-129, 102 S.Ct. 1558; *Wainwright, supra,* at 89-90, 97 S.Ct. 2497. The bar is not, however, unqualified. In an effort to "balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," *Schlup,* 513 U.S., at 324, 115 S.Ct. 851, the Court has recognized a miscarriage-of-justice exception. " '[I]n appropriate cases,' " the Court has said, "the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration,' " *Carrier, supra,* at 495, 106 S.Ct. 2639 (quoting *Engle, supra,* at 135, 102 S.Ct. 1558).

In *Schlup,* the Court adopted a specific rule to implement this general principle. It held that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence,*2077 "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S., at 327, 115 S.Ct. 851. This formulation, *Schlup* explains, "ensures that petitioner's case is truly 'extraordinary,' while still providing petitioner a meaningful avenue by which to avoid a manifest injustice." *Ibid.* (quoting *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)). In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims. Yet a petition supported by a convincing *Schlup* gateway showing "raise[s] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial without the assurance that that trial was untainted by constitutional error"; hence, "a review of the merits of the constitutional claims" is justified. 513 U.S., at 317, 115 S.Ct. 851.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

[I]t bears repeating that the *Schlup* standard is demanding and permits review only in the " 'extraordinary' " case. *Id.,* at 327, 115 S.Ct. 851 (quoting *Zant, supra,* at 494, 111 S.Ct. 1454); see also 513 U.S., at

> 324, 115 S.Ct. 851 (emphasizing that "in the vast majority of cases, claims of actual innocence are rarely successful"). At the same time, though, the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence. A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt-or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.
>
> Finally, as the *Schlup* decision explains, the gateway actual-innocence standard is "by no means equivalent to the standard of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)," which governs claims of insufficient evidence. *Id.,* at 330, 99 S.Ct. 2781. When confronted with a challenge based on trial evidence, courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict. Because a *Schlup* claim involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record. See *ibid.* If new evidence so requires, this may include consideration of "the credibility of the witnesses presented at trial." *Ibid.;* see also *ibid.* (noting that "[i]n such a case, the habeas court may have to make some credibility assessments").

*House v. Bell,* 126 S.Ct. 2064, 2076 -2078 (2006)

An actual innocence claim is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup,* 513 U.S. 298, 315, (1995) (quotation omitted). To establish a valid claim of actual innocence, Petitioner must "support his allegations of constitutional error with new reliable evidence ... that

was not presented at trial," and demonstrate "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 324, 327. "This standard is strict; a party generally cannot demonstrate actual innocence where there is sufficient evidence to support a conviction." *Waddington v. United States,* 428 F.3d 779, 783 (8th Cir.2005). See also, *Johnson v. United States,* 278 F.3d 839, 844 (8th Cir.2002) (quoting *McNeal v. United States,* 249 F.3d 747, 749- 50 (8th Cir.2001)).

Petitioner has failed to meet this heavy burden. As the Motion Court found, it is very unlikely that Porter would have testified for fear of self incrimination. The "new" evidence Petitioner presents is Porter's affidavit, which is suspect in that, having been convicted and sentenced, he has nothing to lose by trying to exculpate his codefendant. A review of the record before this Court establishes that this "evidence" is not new *vis a vis* the state court proceedings in their entirety; the evidence is of questionable reliability; and Petitioner cannot demonstrate it is more likely than not that no reasonable juror would have convicted him in the light of the "new" evidence. Petitioner's objections are overruled and denied.

## **Conclusion**

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court finds that the Report

and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court will adopt the Recommendation of Judge Noce that the Petition be denied.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Shon A. Ashton for Writ of Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in that, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 9th day of January, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE